IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

CAROL GIBSON,
        Plaintiff,

v.                                     Civil Action No. 2:15-cv-07841

GENERAL MOTORS COMPANY,
GENERAL MOTORS HOLDINGS, LLC
PRUDENTIAL FINANCIAL, INC.
FIDELITY INVESTMENTS,
        Corporate Defendants.

## C O M P L A I N T

In this civil action to recover surviving spouse benefits under 29 USC § 1132 (a), pursuant to the provisions of a qualified Employment Retirement Income Security Act (ERISA) pension and disability plan, and for other statutory, equitable and declaratory relief, Carol Gibson, by her Counsel, William V. DePaulo, Esq., states as follows:

I.     Jurisdiction and Venue

1.     This Court has jurisdiction under 29 U.S.C. § 1132 (f), without regard to the amount in controversy.

2.     Venue properly lies in the Southern District of West Virginia under 29 U.S.C. § 1332 (b)(1) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and under 29 USC § 1132 (e)(2) because the breach of duty occurred in this district.

3.     This action is timely filed under 29 U.S.C. § 1113.

4.     Plaintiff has served the Secretary of Labor under 29 USC § 1132 (h).

## II. Parties

5. Carol Gibson is the surviving spouse of Larry L. Gibson, a disabled former employee of General Motors Company, who died on September 10, 2012.

6. Pursuant to the safe harbor provisions of Rule 11, Fed. R. Civ. Proc., Plaintiff in good faith believes, after diligent inquiry has concluded, and therefore here alleges that one or more of the Defendants named herein, i.e., General Motors Company, General Motors Holdings, LLC, Prudential Financial, Inc., and/or Fidelity Investments, are corporate entities which, individually and/or collectively, are liable for payment of survivor benefits to Carol Gibson under the terms of an ERISA qualified pension.

## III. Statement of Facts

7. Larry L. Gibson worked for General Motors Company, or its predecessor company, for suffcent time and under circumstances which entitled him to a pension upon his being disabled from work. In fact, Larry L. Gibson was disabled at work while an employee of corporate defendants, became entitled to, and received a disablility pension from General Motors Company. As required by 29 USC § 1055, the terms of Larry L. Gibson's disability pension provided for a surviving spouse benefit.

8. Larry L. Gibson was married and divorced prior to his marriage to Carol Gibson. The divorce ending his prior marriage did not include as part of the resolution any qualified domestic relief order (QDRO), which is required, under 29 USC §1056 (d)(3)(A), to alienate any portion of Larry L. Gibson's disability pension. To the contrary, the divorce order of his prior marriage explicitly provided that Larry L. Gibson would retain all of his pension benefits.

9. Carol Gibson married Larry L. Gibson on August 9, 2008 and remained married to him until his death on September 9, 2012, at which time she became entitled to the ERISA-mandated surviving spouse benefits as a matter of law upon his death.

10. Despite Carol Gibson's numerous requests for payment of surviving spouse benefits, corporate defendants have repeatedly denied any and all such requests without any basis in law.

11. Despite Carol Gibson's and her lawyer's requests for copies of the documents recording the terms of Larry L. Gibson's disability pension and other information which corporate defendants are bound by law to release, in violation of 29 USC § 1132 (c) and § 1133, corporate defendants have repeatedly failed and refused to release such information.

### IV.   Causes of Action

#### A.   Award of Past and Future Suriving Spouse Benefits

12. Plaintiff incorporates all prior paragraphs.

13. Plaintiff is entitled to the ERISA-mandated surviving spouse benefits of Larry L. Gibson, because she was married to Larry L. Gibson at the time of his death, and those benefits had not previously been alienated by a qualified domestic relations order.

14. Plaintiff is entitled to damages in the form of past money not paid, plus interest, and future payments to and through the date of her death, and such other awards as are provided by law.

15. Under 29 USC § 1132 (g), Plaintiff Carol Gibson is entitled to an award of reasonable attorneys and costs of this litigation.

B.     <u>Repeated Failure to Provide Information or Reasons for Denial of Benefits.</u>

16.     Plaintiff incorporates all prior paragraphs.

17.     29 USC § 1133 provides that every EIRSA pension plan must require administrators to (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

18.     In violation of the plan requirements imposed by 29 USC § 1133, the corporate defendants did not provide any of the information required by that section.

C.     <u>Imposition Of Penalties</u>

19.     Plaintiff incorporates all prior paragraphs.

20.     Title 29 USC § 1132 (c) provides an ERISA pension administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

21. Corporate defendants' failures to respond to lawful requests for information, which began shortly after the death of Larry L. Gibson, and have been repeated numerous times, both verbally and in writing, entitle Plaintiff to the penalties recited in 29 USC § 1129 (c).

### D. Common Law Cause of Action for Unjust Enrichment

22. Plaintiff incorporates all prior paragraphs.

23. To the extent that Carol Gibson is denied, for any reason, the surviving spouse benefits of the disability pension of Larry L. Gibson, corporate defendants are unjustly enriched, and this Court must award restitution to Carol Gibson in an amount necessary to make her whole and deprive corporate defendants of any windfall inconsistent with law and equity.

### V. Prayer for Relief

**WHEREFORE**, Plaintiff Carol Gibson respectfully requests that this Court enter an order granting judgment in Plaintiff's favor, against Defendants, award damages in the amount of past payments due, with interest, award reasonable attorneys fees and the costs of this action, impose penalties as required by 29 USC § 1132 (c), and award such other and further relief, both legal and equitable, as is required to meet the ends of justice in this matter.

                                          Respectfully submitted,
                                              **CAROL GIBSON**
                                              By Counsel

/William V. DePaulo
William V. DePaulo, Esq. #995
179 Summers Street, Suite 232
Charleston, WV 25301
Tel: 304-342-5588
Fax: 304-342-5505
william.depaulo@gmail.com